UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA

Daniel Loper,

                Plaintiff,

– against–

Integrity Solution Services, Inc.,

                Defendant(s).

**COMPLAINT**

**Case No. 1:14-cv-00350**

Plaintiff DANIEL LOPER, by and through his attorneys, Hussey Law Firm, LLC, complaining of the Defendants, hereby alleges as follows:

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## PARTIES

2. Plaintiff, Daniel Loper, is an adult residing in Mobile, AL.

3. Defendant Integrity Solution Services, Inc. is a business entity regularly engaged in the business of collecting debts in this State with its place of business located at 4370 W. 109th St., Ste. 100, Overland Park, KS 66211.  The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

4. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

## FACTUAL ALLEGATIONS

6. Integrity Solution Services, Inc. attempted to collect a debt allegedly owed by Plaintiff relating to consumer purchases allegedly owed to Sallie Mae for a student loan.

7. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes and falls within the definition of "debt" for purposes of 15 U.S.C. § 1692a(5).

8. Integrity Solution Services, Inc. began calling Plaintiff in or about April 2014 regarding the alleged debt to Sallie Mae.

9. During these calls, Plaintiff instructed Integrity Solution Services, Inc. to cease and desist from any and all further communications with him. However, Integrity Solution Services, Inc. ignored his instruction and continued calling him, in violation of the FDCPA.

10. Specifically, on May 28, 2014, Integrity Solution Services, Inc. called Plaintiff at approximately 8:18 a.m., while he was at work. During this call Plaintiff again instructed Integrity Solution Services, Inc. to cease and desist from further communications with him, including while he was at work. However, Integrity Solution Services, Inc. called him back at approximately 8:37 a.m., less than twenty minutes later, in violation of the FDCPA.

11. Thereafter, on June 4, 2014, Integrity Solution Services, Inc. called Plaintiff twice within twenty minutes, at 3:41 p.m. and at 4:01 p.m., in violation of the FDCPA.

12. Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with said laws.

13. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

14. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

15. As a result of Defendant's conduct, Plaintiff has sustained actual damages including, but not limited to, emotional and mental pain and anguish.

## CLAIMS FOR RELIEF
(Fair Debt Collection Practices Act)

16. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 15 herein.

17. The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

18. Defendant Integrity Solution Services, Inc. violated provisions of the FDCPA, including, but not limited to, the following:

   (a) Communicating with a consumer in connection with the collection of any debt at the consumer's place of employment when the debt collector knows or has reason to know that it is not allowed to contact the consumer there, in violation of 15 U.S.C. § 1692c(a)(3);

   (b) Engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, including causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, in violation of 15 U.S.C. § 1692d(5);

   (c) Engaging in unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692f.

19. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages which can be up $1,000, attorney's fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment in the sum of $10,000.00 be entered against Defendants as follows:

   1) That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2) That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

4) That the Court grant such other and further relief as may be just and proper.

DATED: July 24, 2014

**Hussey Law Firm, LLC**

By:  /s/ Curtis R. Hussey

Curtis R. Hussey (No. HUSSC7684)
*Attorney for Plaintiff*

**ADDRESS OF COUNSEL:**
Hussey Law Firm, LLC
P.O. Box 1896
Fairhope, AL 36533-1896
Tel: (251) 928-1423
Email: gulfcoastadr@gmail.com